UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MR. KENDRICK FELTON SHORTS                CIVIL ACTION

VERSUS                                    NUMBER: 09-7326

ORLEANS PARISH PRISONERS, ET AL.          SECTION: "F"(5)


**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, presently before the Court is the pro se complaint of Kendrick Felton Shorts, a state pretrial detainee who is currently housed at the East Louisiana Medical Health System Forensic Unit (formerly known as the Feliciana Forensic Facility). Preliminary screening of plaintiff's complaint is mandated by 28 U.S.C. §1915A.

A review of plaintiff's complaint reveals a confusing, unintelligible document containing rambling and vague allegations with fleeting references to the Orleans Parish Prison's House of Detention and events that may have occurred there in 2001 and 2004.

The nature of plaintiff's cause(s) of action, if any, is not readily determinable from a perusal of his principal pleading and no addresses have been provided at which service can be made on the named defendants to the extent that those defendants can even be identified.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ..." While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. <u>Boudeloche v. Grow Chemical Coatings Corp.</u>, 728 F.2d 759, 761-62 (5th Cir. 1984); <u>In Re Santa Barbara Like It Is Today Copyright</u>, 94 F.R.D. 105 (D. Nev. 1982). A complaint which violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." <u>Corcoran v. Yorty</u>, 347 F.2d 222, 223 (9th Cir.), <u>cert</u>. <u>denied</u>, 382 U.S. 966, 86 S.Ct. 458 (1965); <u>Lowery v. Hauk</u>, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Reading plaintiff's complaint in the liberal manner afforded

to pro se pleadings, it is obvious that it is so rambling, confusing, and vague that its true substance, if any, is impossible to ascertain.[1]/ Defendant(s) cannot reasonably be expected to respond to such an unintelligible pleading. It will therefore be recommended that plaintiff's complaint be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a comprehensible cause of action.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice unless, within twenty (20) days of today's date, he amends said complaint to set forth a comprehensible cause of action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[1]/ Indeed, three of plaintiff's previous lawsuits have been or are on the brink of being dismissed for this very reason. Shorts v. CIA-Police, MR, ALLEN, et al., 09-CV-6793 "F"(1); Shorts v. Of., Deputies Coworkers, et al., 06-CV-1796 "F"(5); Shorts v. Prison, et al., 06-CV-1793 "A"(5).

3

consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  23rd  day of   November  , 2009.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE